**IN THE MATTER OF THE ESTATE OF EMILIE WALTHER, deceased; ADOLPH WALTHER v. ARTIE MONTSDEOCA.**

6 So. (2nd) 391                                      En Banc
February 3, 1942            Rehearing Denied March 3, 1942

O. S. Thacker and Ellis F. Davis, for appellant.
Lawrence Rogers and G. P. Garrett, for appellee.

BUFORD, J.:

We have here another of those cases where comparative strangers have suddenly taken a very active interest in the comfort and physical welfare of an aged and infirm person, who is rapidly approaching

the day when his or her property of considerable value must fall into other hands because of the demise of the owner, and then get busy in the business of procuring the execution of a solemn Last Will and Testament directing the distribution of property to the newly found friends.

The record shows that two spinster sisters, Misses Olie and Artie Montsdeoca, operated a boarding house and were casually acquainted with Mrs. Emilie Walther prior to the early part of November, 1938, when Mrs. Walther took up her abode in the Montsdeoca boarding house. Soon thereafter, and under the guidance of Miss Ola, this lady, then some ninety years of age, on the 6th day of December, 1938, went to the office of an honorable and reputable attorney and there had prepared and then and there executed the alleged Will devising practically all of her estate valued at some $10,000.00 to Miss Artie. On December 4, 1939, Mrs. Walther died, leaving surviving her eight children to whom she had in the alleged will bequeathed the sum of one dollar each. The record fails to show any reason for this unnatural disposition of the property except the infirm, unsound and deranged mind of the testatrix.

We absolve the attorney who drafted the will from any suspicion of improper conduct or unethical act in connection with this matter. It can serve no useful purpose to detail the evidence and state argument for the conclusions which we reach herein.

We are mindful of the consideration which the appellate court is bound to accord to the findings of the Judge of Probate in such cases and especially when such findings have been approved by the intermediate appellate court, but in this case the present writer

and others who join herein on a thorough consideration of the record are definitely and firmly convinced that at the time of the execution of the will, and for a great many months theretofore, the testatrix did not possess testamentary capacity and was mentally incompetent to make any binding contract or to rationally determine any momentous question. Many witnesses testified that she was crazy, but aside from the opinion expressed pro and con by witnesses as to her mental capacity, the uncontradicted evidence as to her conduct and statements shows that she was of such unsound and impaired mind as to be without testamentary capacity.

It, therefore, becomes our duty to reverse the order which we here review and remand the cause for orders in the court below not inconsistent with the views herein expressed.

So ordered.

BROWN, C. J., CHAPMAN, J., and ADAMS, Circuit Judge, concur.

WHITFIELD, TERRELL and THOMAS, JJ., dissent, ADAMS, J., disqualified.